No. 13,489.

ESTATE OF STAATS.

JOHNSON ET AL. *v.* STAATS-WILKS, ADMINISTRATRIX.
(46 P. [2d] 900)

Decided May 27, 1935.   Rehearing denied July 1, 1935.

Messrs. BRYANT & STUBBS, for plaintiffs in error.

Mr. L. C. KINIKIN, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

G. W. STAATS, a resident of Montrose, Colorado, died May 17, 1917. He was the owner of a house and two lots in Montrose, and a forty acre farm near the city. Defendant in error, F. A. Staats-Wilks, was his wife and living with him at the time of his death. Plaintiffs in error are his children of a former marriage. On May 3, two weeks prior to his death, he executed two deeds conveying the real estate; one to his wife, defendant in error, for the town property, and the other conveying the farm to his children, plaintiffs in error. After his death, the deeds were recorded and the grantees in each deed took possession of the property conveyed. Administration of his estate was opened in the county court; his wife, defendant in error, was appointed administratrix; inventory was filed listing the two parcels of real estate, and personal property; and widow's allowance in the sum of $2,000, was allowed June 25, 1920. The estate is still open, no report of receipts or disbursements being on file.

This controversy concerns the validity of the delivery of the deed to the wife, defendant in error, who, approximately sixteen years after Staats' death, filed, as administratrix of the estate, her petition in the estate proceedings, praying for a construction of the deed to her to the end and effect that the life estate conveyed to her did not vest until the death of Staats, and therefore became assets of the estate and subject to the payment of the wid-

ow's allowance. The pertinent allegation of the verified petition is as follows:

"Your petitioner further alleges that the house mentioned in said inventory, being Lots 19 and 20 Block 110 Loutsenhizer Sub-division to the Town (now city) of Montrose, Colorado, was on or about the third day of May, A. D. 1917, by the said G. W. Staats, conveyed to your petitioner as his wife for life with remainder to decedent's living heirs, as evidenced by warranty deed, duly signed, witnessed and acknowledged, and recorded in Book 157 at page 159 in the office of the county clerk and recorder of Montrose County, Colorado; that said warranty deed was by said decedent delivered to your petitioner on said May 3, 1917, on the express condition that the interest, title and right of possession under said deed should not vest until after decedent's death, and all interest, title and possession of said property remained in decedent until the date of his death on May 17, 1917, and said warranty deed was recorded by petitioner on the first day of June, A. D. 1917."

The children of deceased, plaintiffs in error, answered the petition, admitting generally the allegations of the complaint; they admit the execution and delivery of the deed, but deny that the deed was delivered on the condition alleged; they allege that the property was conveyed solely as provided by said deed, in accordance with the intention of the grantor. On hearing to the court, in the county court, the finding was that petitioner take nothing by her petition. Appeal to the district court was taken, trial had, and to an adverse judgment, the children, respondents below, assign error.

At the opening of the trial in the district court, the respondents filed a motion for dismissal of the cause on the ground that the admitted facts of the pleadings entitled them to a judgment regardless of what the findings might be as to the facts upon which issue was joined, and the court should pronounce judgment, as a matter of law, on the merits. This motion was overruled. Petitioner

moved to amend her petition, and while said motion was pending, over the objections of respondents' counsel, petitioner was called as a witness, and testified:

"Q. Had you ever seen the papers? A. I had not, only just as he handed them to me, both together, and I laid them in the box, right there in his presence, just as he handed them to me.

"Q. Where was that box? A. He kept it in the clothes closet * * * I asked him where the box was, and he told me, and I went and got it and took it in and put it in the chair beside his cot."

Leave was then granted to amend by striking the words "delivered to your petitioner on said May 3, 1917, on the express condition that the interest, title and right of possession under said deed should not vest until after decedent's death" and inserting the words "turned over to your petitioner to place in decedent's private box where it remained until after his death."

The conclusion of the habendum clause of the deed in question is as follows: "Full use and enjoyment of the rents, issues, profits and use of Lots 19 and 20 Block 110, Loutsenhizer Addition to the Town of Montrose (now city) so long as she may live, at her decease to vest in my living heirs."

We are of the opinion that the court should have granted respondents' motion and entered judgment on the pleadings. The amendment above quoted was a distinct departure from the original cause of action, and should not have been permitted; consequently evidence to support the amendment was inadmissible. We note the following pertinent remark of the trial court at this point, during the proceedings:

"The Court: There is perhaps one dangerous admission in the petition, in the matter of delivery and acceptance. If he actually handed her the deed for herself, would be one thing; if he handed her the deed and she placed it in the box for him, that would be another thing."

██ ██   The petitioner verified the original and antecedent petition. This verification established a delivery of the deed, as alleged, regardless of the intention of the grantor. The deed was absolute in form and did not, upon its face, express the condition alleged. The intent to convey was evidenced by the acknowledgment and execution of the deed. It is well settled that there can be no conditional delivery, or delivery in escrow, by the grantor to the grantee. *Larsh v. Boyle,* 36 Colo. 18, 86 Pac. 1000. The record, on its face, discloses acceptance of the terms of the deed by petitioner, who went into immediate possession of the conveyed premises and during an unexplained silence of sixteen years, neglected to assert the claim now made. This acquiescence, under circumstances that permitted diligence, now confronts petitioner as laches, and a court should withhold relief because of failure to assert her claim within a reasonable time.

██ ██   If the deed had been handed to petitioner in a representative capacity by the grantor, to be placed in his box over which he retained control, it was not a present grant of title and would not constitute a delivery of the deed. Thus it will be seen that petitioner, by the allowed amendment, presented a complete change of front, by abandoning the original allegation, made under oath, and adopting one more favorable to her present desire. Her ground for relief was entirely changed and her original pleading must be construed against her. The parol evidence of petitioner, to show that the deed, already admitted to have been delivered, was in effect, not delivered, was clearly inadmissible.

██   It is contended that respondents waived their right, under the motion to dismiss, by proceeding to trial. We cannot sanction this contention under the circumstances present. Full trial was had in the county court upon the petition and answer.

An adverse finding undoubtedly prompted petitioner to seek a change of her cause of action, which resulted in a finding favorable to her and upon which error is

assigned. The judgment is reversed and the cause remanded with directions to enter judgment upon the original petition and answer in favor of respondents.

MR. JUSTICE BOUCK and MR. JUSTICE YOUNG concur in the conclusion.